

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 26, 1947

Hon. E. V. Spence, Chairman
Board of Water Engineers
Austin, Texas

Opinion No. V-390

Re: Necessity for releases
by the owners of rights
in water before the Board
of Water Engineers may
authorize change in water
uses.

Dear Sir:

The question for opinion is stated in
your letter of July 25, 1947, as follows:

"Does the Board have the power
to authorize an irrigation company to
change the place and purpose of use of
all or any part of the water allocated
under its permit without a showing that
releases or consents have been obtained
from (a) owners whose lands abut upon the
irrigation canal, and (b) owners of other
lands included in the permit area."

The above question arises in connection
with pending applications to change the purpose and
place of use of waters permitted to certain irrigation
companies. The solution depends on the function which
you perform and the result which you accomplish at a
hearing on such applications.

The question of your authority to enter-
tain applications to change the purpose and place of
use of permitted waters is not expressly covered by
statute and was not considered by the courts of this
State until the decision by the Austin Court of Civil
Appeals in the case of Clark v. Briscoe Irrigation Co.,
200 S. W. (2) 674, writ of error pending. It was de-

cided in that case that the various statutes dealing with the issuance of permits under which appropriative rights are acquired inferentially conferred upon your Board continuing supervision over permitted waters, including the power and authority to entertain application for change.

As we construe the opinion in the Briscoe case, your function as regards change of purpose and place of use, is in the nature of a continuing power and duty to regulate existing permits, entirely independent of the nature of permittee's water right or any vested right he may have to such a change. Judge McClendon in the Clark case used this language:

> "These statutory provisions clearly invest the Board with the power and duty to determine whether the uses for which the application is made meet the statutory objectives, including that of being in the public interest. . .

> "Every consideration for vesting such original discretion in the Board applies with equal force for its exercise in case of change of purpose or place of use. We therefore think there is implicit in these provisions of our laws, constitutional and statutory, a vesting in the Board of the continuing duty of supervision over the distribution and use of the public waters of the State so as to see that the constitutional and statutory objectives are attained, and carrying with it the requirement that any substantial change in use or place of use not authorized in the original permit, must have the approval of the Board. . ."

We believe that the foregoing language makes it clear that the same considerations which are indulged in by you in granting the original permit are to be considered by you in passing on the application for change. These considerations are set forth in Articles 7506 and 7507, V. C. S., wherein it is provided that in passing on the original permit you are to determine the availability of unappropriated water from the source of supply, if the proposed use will be for a statutory purpose, impair

existing rights, both riparian and appropriative, and the public welfare involved.

It has been held in Motl v. Boyd, 116 Tex. 82, that the function performed by you in the matter of hearing on and issuance of the original permit is not a judicial function. In our opinion, so long as your function as regards change of purpose and place of use is confined to regulation of the already existing permit and your deliberations are limited to the same considerations which are involved in issuing the original permit, the function performed by you is non-judicial and we construe this to be, in substance, the holding of Clark v. Briscoe Irrigation Co., supra.

In summary then, when passing on application for change of purpose and place of use, you are performing an administrative function, one which concerns regulation or supervision of an already issued permit, and in fulfilling this function you determine in the usual manner after public notice and hearing, if the proposed change will be for a purpose authorized by statute, will impair existing rights, and the public welfare involved in the change. With these considerations in mind, we turn to your question.

The question of relative rights between irrigation companies and persons served or entitled to be served by them has been the subject of much litigation. See comment in 7 Texas Law Review, pages 453 to 469, inclusive, 44 Tex. Jur. page 349, Sec. 226, and cases there cited. These rights as between such parties are defined by statute (Arts. 7555, 7556, 7559, V. C. S.) and except on questions of rates (Arts. 7560 and 7567, inc.) are subject to determination in the usual manner before the courts of this State.

If it is required that releases be furnished, the only effect of such a requirement can be that permittee irrigation company must tender to your Board evidence of the fact that it has clear and unencumbered title to the waters involved and that no interest is outstanding therein through contract, right of easement, or other right secured to the landowner by statute. Such a requirement necessarily anticipates that it will then be your duty to determine

the validity of such title, resolving conflicts where these arise, and the sufficiency of the instruments which purport to reconvey the right or title to the irrigation company. In our opinion, such action on your part would constitute the exercise of a judicial function.

In this connection, it has been urged in briefs submitted to us on this question, that the granting of the application to change without furnishing releases will deprive non-releasing landowners of vested property rights. This view, in our opinion, misconceives the effect of your action in granting the application for change. The administrative action which you take on the application obviously cannot affect relative rights which exist between irrigation companies and landowners, whether releases be furnished or not. Whatever these rights are, your action, unless it be judicial, cannot determine them. Your concern relates to the permit, the given quantity of water permitted therein, and the change of purpose and place of use thereof. The permit which you issue granting the change is necessarily contingent upon permittee irrigation company's settling and acquiring any outstanding rights acquired by contract or operation of law in the quantity of water allocated to it by its permit. Simply because it has the permission of your Board to make the change does not mean that the landowner can no longer assert contractual or other rights which he may have against the irrigation company in the water and prevent the change if he elects to take this course. Whatever rights are vested in him cannot be taken away or added to by your Board and, in our opinion, to require releases in such cases would serve no useful purpose as regards your function in the matter.

We do not mean that on the hearing you are to give no consideration to the desires of the landowners in the matter. Their views on the change, as expressed at the public hearing, must necessarily affect your decision in the matter, and we conceive the public notice of and hearing on the application for change as the proper approach in these cases. This procedure furnishes ample opportunity for the landowner to appear and express his views in the matter. In addition, if releases are required, it becomes evident that the irrigation company will have to operate during the period

covered from the date of the release to the date of your decision, absent whatever contractual or prior arrangement it may have had with the landowner. In short, the irrigation company must go out of business during this period and in advance of knowing whether a change will be permitted. We have already stated that releases would serve no useful purpose and for reasons just indicated, we believe that to require them would be manifestly unjust and unduly burdensome on both landowner and irrigation company.

To require releases would unnecessarily complicate the proceeding. It would become necessary for you to determine the legal sufficiency of the release and since a water right is subject to recordation (Article 7559, V. C. S.; 44 T. J. p. 65, Sec. 49) and is treated for the purpose of transfer and conveyance as an interest in land (Art. 7559; 44 T. J. pp. 62 to 65, inc.) the form of the release and the legal sufficiency thereof as a conveyance would require your decision. Questions relative to the sufficiency of the execution of such instruments and to the parties necessary to join therein would necessarily arise, bringing with them questions concerning the sufficiency of acknowledgments, questions of heirship, matters relating to wills, and passage of title generally through decedent water right owners. We see no reason why you should be required to pass on these matters even though you might have the power to do so.

We are, therefore, unable to find any basis for requiring releases in connection with your function as regards the application for change, nor do we see how such releases would add to or assist in your deliberations as to whether the proposed change involves a use authorized by law, impairs existing rights, or is detrimental to the public welfare. We construe existing rights in such cases as being the rights of other appropriators holding under permits issued by your Board, but even though existing rights do include, as well they might, rights acquired by the landowner in the irrigation company's water, from what we have already said your consideration in this regard does not require an actual release or conveyance to the irrigation company of such rights.

The briefs previously referred to deal at

length with the numerous decisions in this State
concerning rights between irrigation companies and
the persons served by them. These decisions, un-
doubtedly, show that very definite property rights
are acquired by the landowner in the water permitted
to and furnished by the irrigation company. From
what we have already said, we consider a discussion
of these cases unnecessary. One point, however, is
made which we deem it necessary to give consideration.
This involves the assertion that water and the rights
perfected therein when devoted to particular land be-
comes inseparably attached or appurtenant to that land
and no right of change of purpose or place of use ex-
ists, with or without your Board's approval. This
matter has been considered at length by Kinney in his
work on Irrigation and Water Rights, 2nd Ed., Vol. 2,
pages 1811 to 1820, inc., Sections 1015 and 1016,
wherein grave doubts are raised as to whether water
rights may become inseparably appurtenant to land
even when made so by statute, referring to Wyoming
and Idaho statutes, but clearly showing that the wa-
ter right may not become inseparably appurtenant in
the absence of an express statute dealing with the
subject. See also Hutchins, Selected Problems in
the Law of Water Rights, U. S. Department of Agricul-
ture Miscellaneous Publication No. 418, page 385.
We find no statute, or for that matter court deci-
sion, in this State which makes the water right in-
separably appurtenant to particular land so as to
preclude jurisdiction of your Board over change of
purpose and place of use. Lakeside Irrigation Co.
v. Markham Irrigation Co., 285 S. W. 593; Dunbar v.
Texas Irrigation Co., 195 S. W. 614; Louisiana Rio
Grande Canal Co. v. Frazier, 196 S. W. 210; Neches
Valley Irrigation Company v. Howard, 206 S. W. 575;
and Combs v. United Irrigation Company, 110 S. W. (2)
1157, have all been cited to us as sustaining the in-
separable appurtenance proposition urged. In our
opinion, none of these cases decide the question.

## SUMMARY

In passing on applications to change the purpose and place of use of permitted waters, the Board of Water Engineers need not require irrigation companies to furnish releases by landowners of their rights in the permitted waters as a requisite to the Board's jurisdiction in the matter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     H. D. Pruett, Jr.
           Assistant

HDP:bt

APPROVED:

ATTORNEY GENERAL